RAMSEY COUNTY BUILDING SOCIETY *vs.* CHARLES B. LAWTON *et al.*

Submitted on briefs April 5, 1892.   Decided May 5, 1892.

**Answer Construed.**—Answer *held* to admit the material allegations in the complaint. .

**Former Action on a Prior Installment — Judgment in, no Bar.**—A judgment for the recovery of one installment payable under the condition of a penal bond is no bar to an action for an installment falling due after the commencement of the prior action.

Appeal by defendants Charles B. Lawton and Irene E. Lawton from a judgment of the District Court of Ramsey County, *Cornish, J.,* entered against them May 18, 1891, for $608 damages and for costs.

The plaintiff, the Ramsey County Building Society of St. Paul, Minnesota, was a corporation, and held and owned a bond executed by defendants and dated December 14, 1887, in and by which they bound themselves to pay it $750 in ten years thereafter; with the condition that if the obligors should pay the Society interest on that sum monthly, at the rate of six per cent. a year and $8.25 on the first Thursday of each and every month for ten years, (viz. $144 during each year,) then the bond was to be void, otherwise of force.   The bond further provided that, if default should be made for four months in the payment of any of the interest or monthly installments, then in such case the whole $750 should be due at once at the option of the Association.

The defendants made all payments up to and including the month of January, 1890, but made no payment thereafter.   The plaintiff

brought suit against them on May 19, 1890, in the Municipal Court of the City of St. Paul, to recover the installments and interest for the four months of February, March, April, and May, 1890, and judgment was duly rendered on November 13, 1890, in that court, against the defendants upon the merits, for $62.22, the amount of those installments and interest. The defendants paid that judgment.

The Building Association afterwards, on December 5, 1890, under its option so to do, declared the whole amount secured by the bond to be due for nonpayment of the installments and interest which fell due in June, 1890, and subsequent months, and brought this action to recover upon the bond, stating in the complaint that the Association had so declared the entire principal to be due. The defendants answered that the former judgment in the Municipal Court was upon the same bond and cause of action as that set forth in the complaint in this action, and was a bar to this action.

The plaintiff moved for judgment upon the pleadings, and the trial court granted the motion, saying the judgment in the Municipal Court was not upon the cause of action stated in the complaint in this action, and was no bar. Judgment was entered for plaintiff, and the defendants appealed therefrom to this court.

*L. T. Chamberlain* and *S. C. Biggs,* for appellant.

The failure of the defendants to pay the interest and installments which fell due prior to June, 1890, constituted a breach of the condition of the bond, and made the whole amount due, so as to entitle the plaintiff to recover the whole in the first action. The plaintiff having already had one recovery upon this same bond, the plea of a previous recovery is a bar to this action, because everything was involved and adjudicated in that action which is involved in this action. *Thompson* v. *Myrick,* 24 Minn. 4; *Memmer* v. *Carey,* 30 Minn. 458; *Bazille* v. *Murray,* 40 Minn. 48; *Pierro* v. *St. Paul & N. P. Ry. Co.,* 39 Minn. 451; *Stein* v. *Prairie Rose,* 17 Ohio St. 471; *Secor* v. *Sturgis,* 16 N. Y. 548; *Ewing* v. *McNairy,* 20 Ohio St. 315; *O'Beirne* v. *Lloyd,* 43 N. Y. 248; *Logan* v. *Caffrey,* 30 Pa. St. 196; *Tarbox* v. *Hartenstein,* 4 Baxt. 78.

*William G. White*, for respondent.

The defendants borrowed $750 of the plaintiff, and executed the bond in question, by which they agreed they would repay it. They do not claim or allege that they have ever paid the full amount due on the bond, or that they have ever paid anything except as set forth in the complaint. They simply urge that the judgment in the former action is a full satisfaction of the bond; and they are released from making further payments.

GILFILLAN, C. J. The answer admits the material allegations in the complaint, so far as necessary to support the judgment appealed from. It admits the bond set forth in the complaint, from which appears how much was due, and when the several sums became payable, and admits that no other payments than as mentioned in the complaint were made. The fines claimed in the complaint are put in issue, but the judgment entered is for less than the plaintiff was entitled to, striking out the amount claimed for fines. It was for less than, on the admitted facts, plaintiff was entitled to.

The judgment for the several sums (for interest, premiums, and dues) which had fallen due prior to the time of commencing the action in which it was recovered was no bar to this action. Nothing is better settled than that where, by the terms of a contract, money, principal, or interest is, as in this case, made payable in installments, a recovery for one installment is no bar to an action for an installment falling due after the commencement of the prior action.

Judgment affirmed.

(Opinion published 51 N. W. Rep. 1163.)